**Amanullah KALAIR, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, United States Department of Justice, Respondents.**

No. 08–0255–ag.

United States Court of Appeals, Second Circuit.

Dec. 5, 2008.

Khagendra Gharti–Chhetry, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, James E. Grimes, Senior Litigation Counsel, Sarah Maloney, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondents.

Present JOSÉ A. CABRANES, ROBERT A. KATZMANN, and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Amanullah Kalair, a native and citizen of Pakistan, seeks review of a December 19, 2007 order of the BIA affirming the February 6, 2006 decision of Immigration Judge ("IJ") Steven R. Abrams denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kalair*, No. A 79 354 089 (B.I.A. Dec. 19, 2007), *aff'g* No. A 79 354 089 (Immig.Ct.N.Y.City, Feb. 6, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

Substantial evidence supports the agency's adverse credibility determination.[1] The IJ found that when Kalair was questioned outside the scope of his asylum application, especially concerning the documents he submitted, "he started to become unwound." The IJ elaborated that Kalair's "demeanor changed and [he] could not answer ... simple questions." It is well-established that an IJ's findings relating to an applicant's demeanor are accorded "particular deference." *Shu Wen Sun v. BIA*, 510 F.3d 377, 381 (2d Cir.2007) (citing *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir.2005)). Indeed, a fact-finder who assesses testimony together with witness demeanor is in the best position to discern "whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script.'" *See Tu Lin v. Gonzales*, 446 F.3d 395, 401 (2d Cir.2006) (quotations and citations omitted); *Lin Zhong v. U.S. Dept. of Justice*, 480 F.3d 104, 116–117 (2d Cir.2007) ("When reviewing an IJ's credibility findings, we afford particular deference in applying the substantial evidence standard. This deference is at its highest point where an IJ's credibility determinations are based on observation of the appli-

---

1. The government's argument that Kalair failed to exhaust any challenge to the IJ's adverse credibility determination lacks merit where Kalair challenged before the BIA the IJ's demeanor finding—the primary basis for the IJ's adverse credibility determination. *Cf. Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007).

cant's demeanor[.]") (internal quotations and citations omitted).

Kalair argues that the IJ's decision was insufficient because he did not explain specifically how Kalair became "unwound" and did not cite specific instances in the transcript. While the IJ did not define what "unwound" meant or give examples of the change that occurred in Kalair's demeanor, he was not required to do so. Indeed, we defer to the factfinder's assessment of demeanor precisely because "[d]emeanor is virtually always evaluated subjectively and intuitively." *Tu Lin*, 446 F.3d at 400.

Because the IJ had already called Kalair's credibility into question, the IJ properly found that his deficient corroboration rendered him unable to rehabilitate his testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006). Contrary to Kalair's argument, an IJ need not first identify the particular pieces of missing, relevant evidence, and show that this evidence was reasonably available to the applicant before relying on a lack of corroboration to support an adverse credibility finding when the applicant is not otherwise credible. *Id.* Therefore, the IJ properly denied Kalair's applications for asylum, withholding of removal, and CAT relief because the only evidence that he would be persecuted or tortured depended on his credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).